Filed in Wayne District Court
*** EFILED ***
Case Number: D27CI130000019
Transaction ID: 0000663754
Filing Date: 04/05/2013 02:56:20 PM CDT

## IN THE DISTRICT COURT OF WAYNE COUNTY, NEBRASKA

| | | |
|---|---|---|
| MARJORY A. REEG, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT AND PRAECIPE |
| | ) | (Equity) |
| TRANSAMERICA LIFE | ) | |
| INSURANCE COMPANY, an Iowa | ) | |
| corporation, f/k/a TRANSAMERICA | ) | |
| OCCIDENTAL LIFE INSURANCE | ) | |
| COMPANY, an Iowa corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff avers:

### GENERAL AVERMENTS

1. <u>Plaintiff</u>. Plaintiff, Marjory A. Reeg, is a resident of Wayne, Wayne County, Nebraska, and has a been a resident of Wayne County, Nebraska, at all material times herein.

2. <u>Defendant</u>. Transamerica Life Insurance Company, an Iowa corporation, f/k/a Transamerica Occidental Life Insurance Company, an Iowa corporation, is an insurance company authorized to conduct business in the State of Nebraska. Transamerica Occidental Life Insurance Company merged into Transamerica Life Insurance Company effective October 1, 2008. Defendant's Registered Agent for service purposes is Craig D. Vermie and the registered address is 4333 Edgewood Road NE, Cedar Rapids, Iowa 52408.

3. <u>Jurisdiction/Venue</u>. Plaintiff filed Plaintiff's Complaint pursuant to the Uniform Declaratory Judgment Act, *Neb. Rev. Stat.* § 25-21,149, *et seq.*, as amended. This Court has jurisdiction pursuant to the Uniform Declaratory Judgment Act. Venue is proper with this Court pursuant to *Neb. Rev. Stat.* § 24-403.01, *et seq.*, as amended, for the reasons that the insurance policy and the covered person are located in Wayne County, Nebraska.

040513/613110/JES/00238367

**EXHIBIT A**

## FIRST THEORY OF RECOVERY

4. <u>Incorporation</u>. Plaintiff incorporates paragraphs 1 through 3 of Plaintiff's General Averments into Plaintiff's First Theory of Recovery as if fully set forth herein

5. <u>Inadequate Remedy at Law</u>. Plaintiff has no adequate remedy at law, and as a result, Plaintiff will suffer irreparable damage. All parties having an interest in the controversy are made or joined as party defendants. A genuine controversy exists between Plaintiff and Defendant.

6. <u>Insurance Policy</u>. Plaintiff, whose date of birth is May 15, 1921, is an elderly woman who is required to be housed at The Oaks Senior Living Community located in Wayne, Wayne County, Nebraska. Plaintiff purchased Long-Term Care Insurance, policy number 8890583961, via Transamerica Occidental Life Insurance Company, n/k/a Transamerica Life Insurance Company, with an effective date of February 23, 1993. Plaintiff has fully paid the insurance premium charged by Defendant for the Long-Term Care Insurance policy.

7. <u>Policy</u>. Attached hereto, marked Exhibit "1" and incorporated herein by reference is a true, complete, and accurate photocopy of the Long-Term Care Insurance policy described in paragraph 6 of this Complaint. Pursuant to the policy, Defendant is to pay to Plaintiff the sum of $80.00 per day for a daily benefit.

The subject policy provides the definition of a "Nursing Home" on page 8 as follows:

> "A facility, or that part of one, which: 1) is operating under a license issued by the appropriate licensing agency; 2) is engaged in providing, in addition to room and board accommodations, nursing care and related services on a continuing inpatient basis to 6 or more individuals; 3) provides, on a formal prearranged basis, a Nurse who is on duty or on call at all times; 4) has a planned program of policies and procedures developed with the advise of, and periodically reviewed by, at least one Physician; and 5) maintains a clinical record of each patient. It may be a distinct part of a hospital or other institution."

The policy further states on page 9 as follows:

"Prior approval of Nursing Home care is not required. However, care received at a nursing facility which is not in full compliance with the definition of a Nursing Home may still meet the requirements of this Policy, but only if Our Personal Care Advisor pre-certifies that the facility substantially complies."

8. Coverage. At all material times herein, Plaintiff was insured by Defendant.

9. Date of Loss. On or about November 6, 2008, Plaintiff qualified for her first "ADL" requirement when Plaintiff required assistance on a daily basis with her carpal tunnel splints. On or about December 10, 2009, Plaintiff qualified for her second "ADL" requirement when, upon written doctor's order, Plaintiff required a lift chair due to her diagnosis of spiral stenosis with lumbar radiculopathy with a length of need as lifetime. Plaintiff submitted a claim for insurance coverage pursuant to the subject policy to commence as of December 10, 2009, to the present, and ongoing.

10. Denial. Representatives of The Oaks Senior Living Community contacted the Defendant and made claims for the insurance benefits described in paragraphs 7 and 9. Plaintiff was and continues to be denied her daily benefit pursuant to the subject policy from December 10, 2009, to the present. Defendant, pursuant to written correspondence dated January 16, 2013, denied Plaintiff's claim for the damage in the form of daily benefits, asserting that the policy does not provide coverage to Plaintiff.

11. Declaratory Judgment. Pursuant to *Neb. Rev. Stat.* § 25-21,149, *et seq.*, as amended, Plaintiff is an interested person under the written insurance contract, and a question of construction or validity arises under the contract concerning the rights of the parties and the status of the subject insurance policy coverages. A dispute has arisen between the parties as to the contractual obligation of the Defendant to the Plaintiff concerning the insurance coverage pursuant to the policy described in paragraph 7. Defendant has denied Plaintiff's requests and failed to provide coverage.

12. Attorney's Fees and Costs. Pursuant to *Neb. Rev. Stat.* § 44-359, *et seq.*, as amended, Plaintiff seeks reasonable attorney's fees and costs against Defendant.

## SECOND THEORY OF RECOVERY

13. Incorporation. Plaintiff incorporates paragraphs 1 through 12 of Plaintiff's Complaint into Plaintiff's Second Theory of Recovery as if fully set forth herein.

14. Bad Faith Claim. Defendant acted in bad faith in denying Plaintiff's claim. Defendant lacked a reasonable basis for denying the benefits of the insurance policy, having knowledge or acting in reckless disregard of the lack of a reasonable basis for denying the claim.

## THIRD THEORY OF RECOVERY
### (Breach of Contract)

15. Incorporation. Plaintiff incorporates paragraphs 1, 2, 3, 6, 7, 8, 9, and 10 into Plaintiff's Third Theory of Recovery as if fully set forth herein.

16. Breach. Defendant has breached Defendant's insurance policy contract in that Defendant has failed or refused to pay Plaintiff for nursing home coverage on a daily basis of $80.00 per day from December 10, 2009, to the present, and ongoing.

17. Performance. Plaintiff has performed pursuant to the terms and conditions of the respective insurance policy.

18. Demand. Plaintiff has made demand upon Defendant for insurance coverage under the respective insurance policy issued by Defendant, but Defendant has failed or refused to pay Plaintiff the sustained loss.

19. Damages. As a direct and proximate result of the Defendant's respective breach, the Plaintiff has sustained damages as follows:

    A. $80.00 per day x 1,207 days (December 10, 2009 through
       March 31, 2013) = $96,560.00; and

    B. Future damages to be determined.

# PRAYER

WHEREFORE, Plaintiff prays:

A. For judgment on Plaintiff's First Theory of Recovery seeking the Court enter a declaratory judgment determining the rights and interests of the parties;

B. For judgment on Plaintiff's Second Theory of Recovery seeking the Court enter an Order determining that Defendant has acted in bad faith;

C. For judgment on Plaintiff's Third Theory of Recovery in the sum of $96,560.00 and future damages to be determined;

D. For judgment in favor of Plaintiff and against Defendant on Plaintiff's First, Second, and Third Theories of Recovery in a sum to be determined at trial;

E. For attorney's fees pursuant to *Neb. Rev. Stat.* § 44-359, as amended;

F. For costs of this action; and

G. For such other relief as the Court shall deem fair and equitable.

Dated this 5th day of April, 2013.

MARJORY A. REEG, Plaintiff,

By _____

David E. Copple, #17274
Attorney for Plaintiff
Copple, Rockey, McKeever
& Schlecht P.C., L.L.O.
2425 Taylor Avenue
P.O. Box 78
Norfolk, NE 68702-0078
Telephone: 402.371.4300
Facsimile: 402.371.0790
Email: decopple@greatadvocates.com

040513/613110/JES/00238367                    -5-

## VERIFICATION

STATE OF NEBRASKA   )
                    ) ss.
COUNTY OF Wayne )

     Marjory A. Reeg, being first duly sworn upon her oath, deposes and says that she is the Plaintiff in the above-entitled case; she has read the contents of the foregoing Complaint for Declaratory Judgment, and knows the facts therein stated are true as she verily believes.

                                *Marjory A. Reeg*
                               Marjory A. Reeg, Plaintiff

     The above and foregoing document entitled Complaint for Declaratory Judgment was acknowledged before me this _4th_ day of _April_, 2013, by Marjory A. Reeg.


GENERAL NOTARY - State of Nebraska
PAULA BONNEAU
My Comm. Exp. April 25, 2014

                              *Paula Bonneau*
                                  Notary Public

## PRAECIPE

TO:   Clerk of the District Court
       Wayne County, Nebraska

     Pursuant to *Neb. Rev. Stat.* § 25-505.01, *et seq.*, please issue a Summons directed to the sheriff of Linn County, Iowa, commanding him to serve the Summons and a copy of the Complaint directed to Defendant as follows:

Transamerica Life Insurance Company
Att: Mr. Craig D. Vermie, Registered Agent
4333 Edgewood Road NE
Cedar Rapids, IA 52499

     Please direct the sheriff to make the service as follows:

1. Please make service by delivering the Summons to Defendant, if possible.

031313/613110/JES/00238367                  -6-

2.  If not possible, make service by leaving at Defendant's
    usual place of residence with a person of suitable age and
    discretion residing therein if possible.

Please endorse upon the Summons: "For judgment on Plaintiff's First Theory of Recovery seeking the Court enter a declaratory judgment determining the rights and interests of the parties; for judgment on Plaintiff's Second Theory of Recovery seeking the Court enter an Order determining that Defendant has acted in bad faith; for judgment on Plaintiff's Third Theory of Recovery in the sum of $96,560.00 and future damages to be determined; for judgment in favor of Plaintiff and against Defendant on Plaintiff's First, Second, and Third, Theories of Recovery in a sum to be determined at trial; for attorney's fees pursuant to *Neb. Rev. Stat.* § 44-359, as amended; for costs of this action; and for such other relief as the Court shall deem fair and equitable."

_____
Attorney for Plaintiff



## TRANSAMERICA OCCIDENTAL LIFE

## Transamerica Occidental Life Insurance Company

Home Office: Los Angeles, California
Administrative Office: P.O. BOX 93008, Hurst, Texas 76053
(Hereinafter called: the Company, We, Our, or Us)

### LONG-TERM CARE INSURANCE

We are pleased to issue this Long-Term Care Insurance Policy to You. We urge You to read it carefully. It is issued in exchange for Your application and payment of the initial premium.

PRESIDENT

EXECUTIVE VICE PRESIDENT, GENERAL COUNSEL
AND CORPORATE SECRETARY

### GUARANTEED RENEWABLE; PREMIUMS SUBJECT TO CHANGE

You may keep this Policy in force during Your lifetime by paying premiums on time, as long as the Maximum Lifetime Benefit has not been paid. We cannot cancel or refuse to renew this Policy. We may change the premium rates. Any change will apply to all policies in the same class as Yours in force in the state You live in. We will send You written notice at least 3 months in advance of any rate change. You may cancel this Policy at any time, effective on the next premium due date, by sending written notice to Us.

### 30-DAY RIGHT TO RETURN

If You are not satisfied for any reason, You may return this Policy to Us or Your agent within 30 days after receipt. We will then return Your money. That will mean this Policy was never in force.

**Caution:** The issuance of this long-term care Insurance is based upon Your responses to the questions on Your application. A copy of Your application is enclosed. If Your answers are incorrect or untrue, We have the right to deny benefits or rescind Your Policy. The best time to clear up any questions is now, before a claim arises! If, for any reason, any of Your answers are incorrect, contact Us at Our Administrative Office: Transamerica Occidental Life Insurance Company, P.O. Box 93008, Hurst, Texas, 76053.

**Notice to Buyer:** This Policy may not cover all the costs associated with long-term care incurred by the buyer during the period of coverage. The buyer is advised to review carefully all Policy limitations.

### LONG-TERM CARE INSURANCE POLICY
### GUARANTEED RENEWABLE; NON-PARTICIPATING

### This Policy IS NOT A MEDICARE SUPPLEMENT policy.

If You are eligible for Medicare, review the Medicare Supplement Buyer's Guide available from Us.

Exhibit "1"

01/24/2013  05:03    402-375-2203                    THE OAKS

## IMPORTANT NOTICE

This Endorsement forms a part of your Transamerica Occidental Life Insurance Company policy/contract/certificate or agreement. As a policy owner, contract owner, certificate owner, agreement holder or insured (Owner), you should attach this Endorsement to your policy/contract/certificate or agreement.

### MERGER ENDORSEMENT

This Is To Certify That:

**TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY**
**HOME OFFICE: CEDAR RAPIDS, IOWA**

Has Merged Into:

**TRANSAMERICA LIFE INSURANCE COMPANY**
**HOME OFFICE: CEDAR RAPIDS, IOWA**

As of the effective date shown below, all Owners of coverage issued by Transamerica Occidental Life Insurance Company became Owners of coverage under Transamerica Life Insurance Company.

The Merger was completed upon approval of the Iowa Insurance Division.

All obligations of Transamerica Occidental Life Insurance Company are now provided by Transamerica Life Insurance Company.

All references to Transamerica Occidental Life Insurance Company are replaced with Transamerica Life Insurance Company. The terms "We", "Us", "Our" or "Company" mean Transamerica Life Insurance Company. All other benefits, terms and conditions will not change.

You should make any future premium payments to Transamerica Life Insurance Company and send all claims or benefit requests to Transamerica Life Insurance Company.

IN WITNESS WHEREOF, Transamerica Life Insurance Company has caused this Endorsement to be executed as of the effective date. The effective date of the merger is October 1, 2008.

Signed for us at our Home Office:

**TRANSAMERICA LIFE INSURANCE COMPANY**
**4333 EDGEWOOD ROAD N.E.**
**CEDAR RAPIDS, IOWA 52499**

**ADMINISTRATIVE OFFICE: P O BOX 95302, HURST, TX 76053-5302**
**(800) 227 - 3740**

Craig D. Vermie
SECRETARY

Brenda Clancy
PRESIDENT

C08

Merge TOLIC-TLIC 10/08

## TABLE OF CONTENTS

Guaranteed Renewable; Premiums Subject to Change ........................................... 1

30-Day Right to Return ................................................................................................ 1

Schedule ....................................................................................................................... 4

Important Message to You ......................................................................................... 5

Definition of Important Terms ................................................................................... 6
    Activities of Daily Living
    Cognitive Impairment
    Custodial Care
    Elimination Period
    Immediate Family
    Injury
    Medically Appropriate
    Medicare
    Mode
    Nurse
    Nursing Home
    Personal Care Advisor
    Physician
    Policy
    Sickness
    You, Your, Yours

Personal Care Advising ............................................................................................. 8
    Personal Care Advising and How It Works

Benefits ......................................................................................................................... 9
    No Specific Care Level Required

Nursing Home Benefits .............................................................................................. 9
    Nursing Home Benefit Conditions
    The Nursing Home Benefit
    Extension of Nursing Home Benefits

Post Confinement Indemnity Benefits ..................................................................... 10
    Post Confinement Indemnity Benefit Conditions
    The Post Confinement Indemnity Benefit

Survivorship Benefit ...................................................................... 10
   What Happens When Your Insured Spouse Dies

Maximum Lifetime Benefit ............................................................. 11
   Maximum Lifetime Benefit
   Restoration of Benefits

Effective Date, Premium Payment and Termination Provisions ................... 11
   The Policy Taking Effect (Effective Date and Consideration)
   Paying Premiums
   When Premiums are not Required (Waiver of Premium)
   What Happens when Premiums are not Paid (Grace Period)
   Putting this Policy back in Force (Reinstatement)
   When the Policy Terminates (Termination)
   Refund of Premiums

General Provisions .......................................................................... 13
   The Contract (Entire Contract and Modifications of Contract)
   Contesting Coverage (Representations and Time Limit on
     Certain Defenses)
   Misstating Your Age (Misstatement of Age)
   Other Provisions (Non-Participating, Conformity with Law and Time
     Periods)

General Exclusions and Limitations ................................................ 15
   Losses Not Covered
   Limitations or Conditions on Eligibility for Benefits

Claims ........................................................................................... 16
   Telling Us of a Claim  (Notice of Claim)
   How to File a Claim  (Claim Forms)
   When to File a Claim  (Proof of Loss)
   How and When Claims are Paid  (Time of Payment of Claim,
     Payment of Claims and Physical Examinations)
   How to Appeal a Claim  (Appeal Process and Legal Actions)

## IMPORTANT MESSAGE TO YOU

Cancelling health insurance coverage and purchasing new coverage, is called replacement. Replacement of Long Term Care Coverage might not be in Your best interest. Some states have laws which forbid any misrepresentation by any agent that may occur at the time of replacement.

Beware of anyone who encourages You to replace this coverage without allowing You time to carefully investigate the replacement proposal, or discourages You from talking with a representative of the company whose coverage is being recommended for replacement.

For Your protection, if You are encouraged to replace this coverage, We urge You to seek advice and to take the time to investigate any recommendation. Keep in mind that You can request changes in this coverage after its effective date.

## DEFINITION OF IMPORTANT TERMS

This section informs You of the meaning of special words and phrases used in this Policy. In addition, special words and phrases used only in specific sections of this Policy are defined in those sections. To help You recognize these special words and phrases, the first letter of each word, or each word in the phrase, is capitalized wherever it appears.

**ACTIVITIES OF DAILY LIVING**

The following 5 basic functions are Activities of Daily Living:

(1) Dressing — Your ability to put on and take off all garments and Medically Necessary braces or artificial limbs usually worn and to fasten and unfasten them.

(2) Eating — Your ability to get nourishment into Your body by any means once it has been prepared and made available to You.

(3) Toileting — Your ability to do all of the following with or without the aid of equipment: get to and from the toilet; get on and off the toilet; care for clothing; and maintain a reasonable level of personal hygiene.

(4) Transferring — Your ability to move in and out of a chair or bed with or without the aid of equipment.

(5) Continence — Your ability to voluntarily control bowel and bladder function; or to otherwise maintain a reasonable level of personal hygiene with or without the aid of equipment.

**COGNITIVE IMPAIRMENT**

Deterioration or loss of Your intellectual capacity which requires continual supervision to protect Yourself or others as measured by clinical evidence and standardized tests which reliably measure Your impairment in the following areas:

- Your short or long term memory.
- Your orientation as to person (such as who You are), place (such as Your location) and time (such as day, date and year).
- Your deductive or abstract reasoning.

Such loss in intellectual capacity can result from Alzheimer's disease or similar forms of senility or irreversible dementia.

**CUSTODIAL CARE**

Care which is mainly for the purpose of meeting daily living requirements. Such care is provided to individuals who by reason of age, sickness, disease, or physical or mental infirmity are unable to sufficiently or properly care for themselves. This level of care may be provided by persons without professional training.

| ELIMINATION PERIOD | The Elimination Period is the number of days at the start of each Nursing Home stay needed to qualify for benefits. The Schedule shows the Elimination Period for Nursing Home Benefits. You will not be paid Nursing Home Benefits during the Elimination Period. |
|---|---|
| | In satisfying the Elimination Period, separate nursing home stays less than 6 months apart for the same or related causes are considered the same stay. |
| IMMEDIATE FAMILY | Parents; spouse; siblings; or children, including natural, adopted, step and son-in-law or daughter-in-law. |
| INJURY | Accidental bodily injury which is the direct and independent cause of a loss. |
| MEDICALLY APPROPRIATE | Care and services pursuant to a treatment plan which is either:<br>(1) Medically Necessary, (Medically Necessary means the care and services are necessary and appropriate for the treatment of a Sickness or Injury in accordance with accepted current medical practice);<br>(2) required because of Your inability to perform at least 2 of the 5 Activities of Daily Living; or<br>(3) required because of Cognitive Impairment. |
| | Before We can determine whether the care and services received are Medically Appropriate, We must receive a copy of the treatment plan. You or Your Physician should submit a copy of the treatment plan to Us prior to the time care and services are received, if possible, but, in no event, later than the time the first claim under such treatment plan is submitted. |
| | A treatment plan prescribed, ordered, recommended or approved by a Physician who has a financial interest in the facility, agency, center or provider administering such plan may not be considered Medically Appropriate. |
| MEDICARE | The Health Insurance for the Aged Act, Title XVIII of the Social Security Amendments of 1965, as then constituted or later amended. |
| MODE | The frequency at which premiums are payable. |
| NURSE | A person who is duly licensed as either:<br>(1) a Registered Nurse (RN);<br>(2) a Licensed Practical Nurse (LPN); or<br>(3) a Licensed Vocational Nurse (LVN). |

| NURSING HOME  | A facility, or that part of one, which: (1) is operating under a license issued by the appropriate licensing agency; (2) is engaged in providing, in addition to room and board accommodations, nursing care and related services on a continuing inpatient basis to 6 or more individuals; (3) provides, on a formal prearranged basis, a Nurse who is on duty or on call at all times; (4) has a planned program of policies and procedures developed with the advice of, and periodically reviewed by, at least one Physician; and (5) maintains a clinical record of each patient. It may be a distinct part of a hospital or other institution.<br><br>It is NOT a place that is primarily used for rest; for the care and treatment of mental diseases or disorders, drug addiction, or alcoholism; for day care or for educational care; or a retirement home or community living center. |
|---|---|
| PERSONAL CARE ADVISOR | A person selected by Us who is qualified by training and/or experience to evaluate and coordinate overall medical, personal and social service needs for long term care. |
| PHYSICIAN | A Doctor; a duly licensed medical practitioner other than a Nurse, who is practicing within the scope of his or her license. |
| POLICY | This contract between You and Us providing Long Term Care Insurance. |
| SICKNESS | An illness or disease. |
| YOU, YOUR, YOURS | The Insured named in the Schedule whose coverage has become effective and has not terminated. |

## PERSONAL CARE ADVISING

**This section informs You that We will provide a Personal Care Advisor and explains what Our Personal Care Advisor will do.**

| PERSONAL CARE ADVISING AND HOW IT WORKS | We will provide You with a Personal Care Advisor. Contacting Our Personal Care Advisor would enable You to:<br>(1) know in advance if proposed care meets Policy conditions; and<br>(2) receive advice as to other covered care alternatives and the selection of care providers.<br><br>To receive the services of Our Personal Care Advisor, You or Your Physician should call the Personal Care Advisor's Office. The toll-free number of the Personal Care Advisor's Office is shown in the Schedule. |
|---|---|

1-820-33-191

## BENEFITS

**This section informs You of: Your benefits under this Policy; the conditions under which benefits will be paid; and how long benefits will be paid.**

| | |
|---|---|
| NO SPECIFIC CARE LEVEL REQUIRED | This Policy makes no distinction in the duration or amount of benefits You will be paid for different levels of care. We will pay for all levels of care, including Custodial Care. |

## NURSING HOME BENEFITS

| | |
|---|---|
| NURSING HOME BENEFIT CONDITIONS | To receive Nursing Home Benefits: <br>(1) Your Physician must initially certify that Your treatment is Medically Appropriate. <br>We may require Your Physician to periodically recertify that Your treatment continues to be Medically Appropriate, but not more frequently than once every 3 months; <br>(2) The charges must be incurred while this Policy is in force; and <br>(3) The care or services must be provided in a Nursing Home. <br>Prior approval of Nursing Home care is not required. However, care received at a nursing facility which is not in full compliance with the definition of a Nursing Home may still meet the requirements of this Policy, but only if Our Personal Care Advisor pre-certifies that the facility substantially complies. |
| THE NURSING HOME BENEFIT | We will pay, as a Nursing Home Benefit, the actual charges of a Nursing Home. However: <br>(1) We will not pay more than the Maximum Daily Benefit for each day of a Nursing Home stay; and <br>(2) We will not pay Nursing Home benefits during the Elimination Period. <br>We will also pay the actual charges, up to the maximums shown in the Schedule, for ambulance service to or from a Nursing Home. |
| EXTENSION OF NURSING HOME BENEFITS | Lapse of this Policy (see Grace Period) will not affect continuing uninterrupted claims for Nursing Home benefits. We will not, however, pay benefits for new Nursing Home stays or stays for unrelated causes. We will not pay Nursing Home Benefits in excess of those We would have paid had this Policy continued in force. |

## POST CONFINEMENT INDEMNITY BENEFITS

**POST CONFINEMENT INDEMNITY BENEFIT CONDITIONS**

To receive Post Confinement Indemnity Benefits:
(1) this Policy must be in force; and
(2) You must have had an uninterrupted hospital and/or Nursing Home confinement of 10 days or more.

**THE POST CONFINEMENT INDEMNITY BENEFIT**

We will pay a Post Confinement Indemnity Benefit of 50% of the Maximum Daily Nursing Home Benefit for the same number of days as Your prior uninterrupted stay in a hospital and/or Nursing Home.

We will not pay more than 180 days of Post Confinement Indemnity Benefits in total, during Your lifetime. We will not pay benefits for any day You are an inpatient in any hospital, nursing facility, hospice facility, sanitarium, or any other similar institution. Once eligibility for the Post Confinement Indemnity Benefit ceases, these conditions must again be met.

## SURVIVORSHIP BENEFIT

**WHAT HAPPENS WHEN YOUR INSURED SPOUSE DIES**

If Your lawful spouse has long term care coverage in force with Us under a policy form which is the same as Yours, and both Your coverage and that of Your spouse has been in force until the death of Your spouse, Your policy will remain in force without payment of further premiums following:
(1) the date of death of Your spouse; and
(2) the tenth anniversary of the Effective Date of this Policy.

1-820 33-191

-10-

## MAXIMUM LIFETIME BENEFIT

**MAXIMUM LIFETIME BENEFIT**

In addition to the limits for each type of benefit stated in the appropriate benefit section, there is a Maximum Lifetime Benefit which is shown in the Schedule.

The Maximum Lifetime Benefit is the maximum amount which We will pay for all benefits combined under this Policy and any rider(s) made a part of it. Coverage under this Policy ends when the Maximum Lifetime Benefit has been reached.

If the Schedule shows that Your Maximum Lifetime Benefit is "Unlimited," there is no limit on the amount We will pay for all benefits during Your lifetime.

**RESTORATION OF BENEFITS**

When You are discharged following a Nursing Home stay for which We have been paying Nursing Home Benefits, and a period of 6 months elapses during which You are Treatment Free, We will restore the Maximum Lifetime Benefit provided under this Policy, if the Policy is still in force. The restored amount will be equal to the original Maximum Lifetime Benefit amount shown in the Schedule.

Treatment Free means that You are not receiving any benefits under this Policy and are not confined in a hospital and/or a nursing home, or receiving home health care or adult day care.

## EFFECTIVE DATE, PREMIUM PAYMENT AND TERMINATION PROVISIONS

This section informs You of: When this Policy is effective; how and when to pay premiums; the importance of paying premiums on time; what happens if premiums are not paid on time; and when this Policy ends.

**THE POLICY TAKING EFFECT**

Effective Date and Consideration: This Policy is issued based on the statements made in Your application and payment of the first Premium. It takes effect on the Effective Date shown in the Schedule provided the First Premium is paid.

**PAYING PREMIUMS**

To keep insurance in force under this Policy, You must pay premiums on time. Each premium is payable in advance at Our Administrative Office.

| | |
|---|---|
| **WHEN PREMIUMS ARE NOT REQUIRED** | Waiver of Premium: After You have been confined to a hospital and/or Nursing Home for at least 60 uninterrupted days, Your Mode of premium payment will automatically become monthly and We will not require payment of any monthly premiums that become due during Your continued confinement. If You are discharged to Your home or other residence and within 30 days require confinement for the same or a related cause, the period at home will be disregarded in the determination of the uninterrupted period. Premiums will continue to be waived for the duration of the confinement. To keep this Policy in force when Your period of continued confinement ends, premiums must be paid as they become due. |
| **WHAT HAPPENS WHEN PREMIUMS ARE NOT PAID** | Grace Period: A grace period of 31 days is allowed for the payment of each premium after the Initial Premium. During this period this Policy will remain in force. Your coverage will end or terminate at the end of the grace period. This is called a Lapse. |
| **PUTTING THIS POLICY BACK IN FORCE** | Reinstatement: Once this Policy Lapses, We may or may not put it back in force (reinstate) at Our option. If We accept a premium and do not require an application for reinstatement, that payment will put this Policy back in force. If We require an application for reinstatement and issue a conditional receipt, this Policy will be put back in force when We approve it. If We fail to give You written notice of disapproval, Your Policy will be reinstated on the 45th day after the date of Your application. Your reinstated Policy and any attached riders will only provide benefits for losses resulting from Injury sustained after the date of reinstatement and due to Sickness which begins more than ten days after such date. In all other respects, Your rights and Our rights will be the same as before this Policy Lapsed, unless there are special conditions that apply to the reinstatement. If there are, they will be endorsed on or attached to the reinstated Policy. The premium We accept for reinstatement may be used for a period for which premiums had not been paid. No premiums will be used for any period more than 60 days before the reinstatement date. |

| WHEN THE POLICY TERMINATES | We will not cancel, nonrenew, or otherwise terminate or end the Policy because of Your age or the deterioration of Your mental or physical health. |
|---|---|
| | TERMINATION: This Policy will end as of the earliest of the following: |
| | (1) the date coverage under this Policy Lapses; |
| | (2) the date of Your death; |
| | (3) the next premium due date following Your written request to cancel this coverage; or |
| | (4) the date that the Maximum Lifetime Benefit has been reached. |
| | Payment of benefits for loss incurred prior to termination of this Policy will not be affected. |

| REFUND OF PREMIUMS | Upon notification of Your death while this Policy is in force, We will refund any premiums paid which apply to the period following death. We will determine the amount of the refund, if any, by pro-rating the premiums paid on a monthly basis. We will pay any refunded premiums to Your estate. |
|---|---|

## GENERAL PROVISIONS

This section informs You of: the documents which form this contract; the importance of a truthful application; and other basic rights and obligations.

| THE CONTRACT | ENTIRE CONTRACT: The entire contract between You and Us will consist of: |
|---|---|
| | (1) this Policy; |
| | (2) Your application; and |
| | (3) any papers made a part of the Policy. |
| | MODIFICATIONS OF CONTRACT: No agent has authority to change or waive any part of this Policy. To be valid, any change or waiver must be: |
| | (1) in writing; |
| | (2) approved by one of Our officers; and |
| | (3) made a part of this Policy. |
| | After this Policy is issued or reinstated, any rider or endorsement must be accepted in writing by You, unless acceptance is not required or if the change is required by law. |

**CONTESTING**
**COVERAGE**

**REPRESENTATIONS:** In the absence of fraud, any statement made by You will be deemed a representation and not a warranty. Such statement will not be used in defense of a claim, unless it is contained in a signed written application.

**TIME LIMIT ON CERTAIN DEFENSES:** A misstatement by You in any application for this Policy may be used to void this Policy or deny a claim. We may take this action in the first 24 months following the Effective Date. After the 24-month period, this action may be taken only for fraudulent misstatements.

Failure to disclose existing long-term care or nursing home coverage providing benefits for nursing home confinements of 12 months or more (other than government programs) in Your application may be deemed a misstatement. We will not reduce or deny a claim because of a Sickness, Injury, or physical condition described in Your application which existed before the Effective Date.

**MISSTATING**
**YOUR AGE**

**MISSTATEMENT OF AGE:** If Your age has been misstated, all benefits payable are those which the premium paid would have purchased at the correct age. If Your correct age exceeded the maximum issue age, Our liability shall be limited to the refund of all premiums paid for You under the Policy.

**OTHER**
**PROVISIONS**

**NON-PARTICIPATING:** This Policy does not participate in Our profits or surplus earnings.

**CONFORMITY WITH LAW:** If anything in this Policy does not comply with a law to which it is subject, that provision is amended to conform to such law.

**TIME PERIODS:** All time periods begin and end at 12:01 a.m. Standard time at Your residence.

## GENERAL EXCLUSIONS AND LIMITATIONS

**This section informs You of when benefits will not be paid, even if You are otherwise entitled to payment under another section of this Policy or any rider attached.**

| | |
|---|---|
| **LOSSES NOT COVERED** | This Policy will not pay benefits for:<br><br>(1) treatment resulting from alcoholism, drug addiction or chemical dependency, unless as a result of medication prescribed by a Physician;<br><br>(2) treatment arising out of suicide (sane or insane), attempted suicide or intentionally self-inflicted injury;<br><br>(3) treatment provided in a government facility (unless otherwise required by law), charges payable by Medicare or other governmental programs (except Medicaid), and state or federal workers' compensation, employer's liability or occupational disease law, or any motor vehicle no-fault law, and services for which no charge is normally made in the absence of insurance;<br><br>(4) treatment resulting from being intoxicated, under the influence of intoxicants or under the influence of any narcotic, unless taken as prescribed by a Physician;<br><br>(5) confinement in a Nursing Home, outside the United States;<br><br>(6) services rendered by a member of Your Immediate Family; or<br><br>(7) treatment resulting from mental, nervous, psychotic or psychoneurotic deficiencies or disorders without demonstrable organic disease; However, this Policy WILL cover qualifying stays or care resulting from Alzheimer's disease, or similar forms of senility or senile dementia. |
| **LIMITATIONS OR CONDITIONS ON ELIGIBILITY FOR BENEFITS** | To receive benefits under the Policy, Your Physician must certify that treatment is Medically Appropriate and periodic recertification may be required once every three months.<br><br>You must satisfy the Elimination Period Applicable to Nursing Home Benefits shown in the Schedule before Nursing Home Benefits will be payable. In order to receive Post-Confinement Benefits, You must have had an uninterrupted hospital and/or Nursing Home confinement of 10 days or more. |

## CLAIMS

This section informs You of: when to tell Us of a claim; what to send to Us; where to send it; how We pay benefits; and other rights and obligations under this Policy.

| | |
|---|---|
| **TELLING US OF A CLAIM** | **NOTICE OF CLAIM:** You must tell Us in writing when You have a claim for benefits. Notice should be given to Us at Our Administrative Office. We must receive the notice within 60 days of the date the covered loss starts. The notice should include at least: Your name, Your Policy Number, and the address to which the claim form should be sent. You may authorize someone else to act for You in filing a claim. |
| **HOW TO FILE A CLAIM** | **CLAIM FORMS:** When We get notice of Your claim We will send out a claim form to be used to file proof of loss. |
| | The claim form has instructions on how to fill it out and where to send it. Please read the form carefully. Answer all questions and send all required information to the address on the form. |
| | If You or Your representative do not get the claim form within 15 days, proof of loss can be filed without it by sending Us a letter which describes the occurrence, the character and the extent of the loss for which claim is made. That letter must be sent to Us within the time period stated in the next paragraph. As a minimum, the description should tell Us such things as: Your name and address; the type of benefits You are claiming; the names and addresses of Your Physicians; the places You stayed; Your diagnosis; and the periods for which You are claiming benefits. |
| **WHEN TO FILE A CLAIM** | **PROOF OF LOSS:** We must get written proof of loss within 90 days after the end of each month for which benefits may be paid. If it was not reasonably possible to give Us written proof in the time required, We will not reduce or deny a claim for being late if the proof is filed as soon as reasonably possible. Unless the claimant is not legally capable, the required proof must always be given to Us no later than 1 year from the time specified. |
| **HOW AND WHEN CLAIMS ARE PAID** | **TIME OF PAYMENT OF CLAIM:** After We receive the proper written proof of loss, We will pay any benefits then due: (1) monthly, when the loss is expected to result in on-going benefits; and (2) immediately, when Our liability has ended. |

**PAYMENT OF CLAIMS:** All benefits will be paid to You. However, You may request in writing for payment to be made otherwise. You should make this request no later than the time You file proof of loss. Any benefits unpaid at Your death will be paid to Your estate. If benefits are payable to Your estate, or if You are not competent to give a valid release, We may pay Benefits up to $1,000 to any relative of Yours, or other person who has cared for or looked after Your affairs who is deemed by Us to be justly entitled to the benefits. We will be discharged to the extent of any such payment made in good faith.

**PHYSICAL EXAMINATIONS:** At Our expense, We have the right to have You examined as often as is reasonably necessary while a claim is pending. You will be informed by Us in writing if a claim, or any part of a claim, is denied.

## HOW TO APPEAL A CLAIM

**APPEAL PROCESS:** We evaluate Your claim based on this Policy and the information given to Us. If You do not agree with a claim decision, You may then ask for a review. Your request must be in writing to Us and include any information You think will help Your claim. No special form is needed. Your request should be sent to Our Administrative Office within 3 years of the time of filing written notice of proof of loss.

Within 30 days after receiving Your request, We will send You or Your representative Our decision. Our decision will be in writing with Our reasons stated clearly. You may authorize someone else to act for You under this review procedure.

**LEGAL ACTIONS:** You cannot sue or bring legal action before 60 days after written proof of loss has been given to Us, as required by this Policy. You cannot sue after 3 years from the time written proof of loss is required to be given.



## TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY
Home Office: Los Angeles, California

### AMENDATORY ENDORSEMENT

#### Rate Guarantee

Premiums for the policy to which this endorsement is attached are guaranteed for a period of five (5) years from the Effective Date shown on the Policy Schedule.

PRESIDENT

EXECUTIVE VICE PRESIDENT, GENERAL COUNSEL
AND CORPORATE SECRETARY

1-005 51-192